**Gary G. PARSONS, Sr., Petitioner—Appellant,**

v.

**Howard POLEN; et al., Respondents—Appellees.**

No. 04–35654.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.*

Filed April 25, 2006.

---

David T. Lyons, Esq., Lyons Law Offices, Seattle, WA, for Petitioner–Appellant.

Francis L. Vandusen, Jr., Esq., Miller Nash, LLP, William Harrison Walsh, Byrnes & Keller, Seattle, WA, for Respondents–Appellees.

Before: CANBY, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Gary Parsons appeals the district court's denial of his "Motion to Vacate Arbitration Award" and grant of Howard Polen's and Raymond James Financial

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Services's (collectively "respondents") "Motion to Confirm Arbitration Award." Parsons claims the district court erred in upholding the arbitration award in his favor because the arbitration panel "manifestly disregarded the law" by applying Washington state law rather than Arizona state law—allegedly resulting in a lower damages award—to Parsons's claims of misrepresentations, omission of facts, unsuitability, failure to supervise and negligence arising from Parsons's purchase of an annuity from respondents. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and we affirm.

When reviewing the confirmation or vacation of an arbitration award by the district court, we "accept[ ] findings of fact that are not clearly erroneous but decid[e] questions of law *de novo.*" *Barnes v. Logan,* 122 F.3d 820, 821 (9th Cir.1997) (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 947, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)) (internal quotation marks omitted). "However, judicial review of an arbitrator's decision 'is both limited and highly deferential.'" *Id.* (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.,* 84 F.3d 1186, 1190 (9th Cir.1996)). As we have repeatedly recognized:

> We review the [arbitration] [p]anel's award mindful that confirmation is required even in the face of erroneous misinterpretations of law. It is not even enough that the [p]anel may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law.

*Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir.1991) (citing *French v. Merrill Lynch,* 784 F.2d 902, 906 (9th Cir.1986)) (internal quotation marks and alterations omitted). This

court "may affirm the judgment of the district court on any ground fairly supported by the record." *Barnes,* 122 F.3d at 822.

Based on the evidence presented, the arbitration panel could rationally have found Washington had the most significant relationship with this action. Hence, the district court correctly determined the arbitration panel's decision to apply Washington law was not "completely irrational" and did not "constitute[ ] a manifest disregard of the law." *Todd Shipyards Corp.,* 943 F.2d at 1060. *See also Am. Postal Workers Union v. U.S. Postal Serv.,* 682 F.2d 1280, 1285 (9th Cir.1982) ("Review of arbitration awards is more limited than review of trial court decisions. An arbitrator's award will not be vacated because of erroneous findings of fact or misinterpretations of law."). Therefore, the decision of the district court confirming the arbitration award is AFFIRMED.

Respondents' "Motion to Award Attorney Fees Pursuant to Rule 38 of the Federal Rules of Appellate Procedure" is DENIED.